UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cr-00044-TWP-TAB-1 |
| | ) |
| KEVIN INGRAM, | ) |
| | ) |
| Defendant. | ) |

**ENTRY DENYING MOTION FOR DISCLOSURE**

This matter is before the Court on Defendant Kevin Ingram's Request for Disclosure of Written Recommendation Concerning Sentencing, ([Filing No. 156](#)), wherein he requests copies of any written recommendation prepared by the probation department concerning his sentencing. For the reasons stated below, the motion is **denied**.

The Federal Rules of Criminal Procedure and the Local Rule of this district do not provide for release of the written recommendation. *See* Local Rule 13-1(d), "[t]he sentence recommendation provided to the court by the probation office will not be disclosed except to the court." *See* Fed. R. Crim. P. 32(e)(3) (*HN10* "By local rule *or by order in a case*, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence.")

Nonetheless, the federal rules allow courts the opportunity to make determinations regarding the release of written recommendations prepared by the probation department on a case-by-case basis. *U.S. v. Laughlin*, 942 F.Supp.2d 859 (C.D.Ill. 2013). In making a case-by-case analysis, courts in this circuit consider the potential supervisory relationship between the probation department and defendant upon his release from imprisonment, the structure of the probation office in this district and the nature of the case. *Laughlin* at 865.

As an initial matter, the Court notes that Mr. Ingram's motion does not contain any case-specific facts or reasons for his request. On November 7, 2018, Mr. Ingram was convicted by jury of three counts of Interference with Commerce by Robbery, one count of Attempt Interference with Commerce by Robbery, as well as four counts of Possession of a Firearm in Furtherance of a Crime of violence. Mr. Ingram attempted to obstruct justice by making threats and coercion of the cooperating witness. Because of the nature of this case, the Court is concerned that disclosure of the confidential recommendation would restrict the probation officer's ability to be candid and produce a forthright assessment. Although the sentence to be imposed must be lengthy based on the statutory provisions for the offenses to which defendant was convicted, the Court concludes that the potential for a future supervisory relationship still exists, and disclosure of the confidential recommendation might impair the effectiveness of the probation officer when defendant is under supervision upon his release from the Bureau of Prisons. Moreover, there is nothing in the confidential recommendation that the Court intends to consider in determining Mr. Ingram's sentence, that is not contained in the disclosed portion of the presentence investigation report.

Under the case-by-case approach, the court determines that disclosure would needlessly elongate the sentencing process. The motion for disclosure was filed on the afternoon of February 28, 2019, on the eve of the scheduled sentencing hearing. Defendant's motion is bare and provides no justification or reason for the disclosure request. Disclosure of the confidential recommendation would only lead to additional rounds of disclosures, possible objections and revisions which are unnecessary. This is especially true here, since the Court does not intend to impose a sentence based on any information or factors that are not contained in the disclosed portion of the presentence report. In addition, the Government has attached to its sentencing memorandum

exhibits to corroborate in detail the matters discussed in the presentence report as well as the sentencing memorandum filed by the Government. The confidential written recommendation offers nothing new to assist the Court in its sentencing decision. The Court intends to pay close attention to the arguments and evidence presented at the sentencing hearing; as well as the allocution statement from Mr. Ingram, if any. As required by 18 U.S.C. § 3553(c), the Court will consider all these factors to determine the appropriate sentence in this case, and then state a reasoned basis in exercising its professional judgment and legal decision-making authority.

Relying on the Local Rules, the Federal Rules of Criminal Procedure and its case-by-case analysis, the Court determines that the probation officer's confidential written recommendation need not be released. Therefore, Defendant's Request for Disclosure (Filing No. 156) is **DENIED**.

**SO ORDERED.**

Date: 3/1/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY DEFENDERS
Mike.donahoe@fd.org

Bradley Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Lawrence D. Hilton
UNITED STATES ATTORNEY'S OFFICE
lawrence.hilton@usdoj.gov

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE
nick.linder@usdoj.gov